JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carolyn Dicks-Kee

## DEFENDANTS
The Superior Court of New Jersey, New Jersey Judiciary

**(b)** County of Residence of First Listed Plaintiff   Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Camden Vicinage
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*
Clifford G. Stewart, Esq.
535 Thirteenth Avenue
Newark, New Jersey 07103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000(e) -3(a)
Brief description of cause:
The NJ Judiciary discriminated against Plaintiff by denying leave benefit payment because of Plaintiffs participation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*   JUDGE                    DOCKET NUMBER

DATE
10/19/2012

SIGNATURE OF ATTORNEY OF RECORD
*Cliffor G Stewart*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CAROLYN DICKS-KEE | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | |
| THE NEW JERSEY JUDICIARY, | ) | |
| | ) | |
| Defendants. | ) | |

## **INTRODUCTION**

1.      This is a civil action brought pursuant to Title VII of the Civil Rights Action of 1964, 42 U.S.C. Section 2000(e) et seq. seeking damages against Defendants for committing actions in violation of federal laws that guarantee Plaintiff equal protection of the laws and freedom from discrimination in the workplace based on race and retaliation.

## **JURISDICTION AND VENUE**

2.      Federal question jurisdiction is conferred on this Honorable Court by 28 U.S.C. Section 1331 and 1343 because this action arises under the Constitution and laws of the United States.

3.      Venue is proper in this court under 28 U.S.C. Section 1391 (b) because the incidents at issue occurred in New Jersey.

## **PARTIES**

4.      Plaintiff, Carolyn Dicks-Kee, (herein after referred to as "Ms. Dicks-Kee") is an American citizen of African-American ancestry and a resident of Pennsauken, New Jersey.  Ms.

Dicks-Kee is an employee with the New Jersey Judiciary, Camden Vicinage.  She has held the position of Financial Special I since 1998.

5.      The Defendant, the New Jersey Judiciary, Camden Vicinage is a governmental entity within the Judicial Branch of New Jersey State government.

6.      This civil action is brought against the New Jersey Judiciary, Camden Vicinage in its capacity as an "employer" within the meaning of 42 U.S.C. Section 2000(e)-(b).

## STATEMENT OF FACTS

7.      Ms. Dicks-Kee has been employed by the Judiciary since 1993.  Ms. Dicks-Kee is a financial specialist and her duties include general accounting for Title IV-D for the Finance Division of the Camden Vicinage.

8.      Ms. Dicks-Kee became ill on the job on July 8, 2004.  She had chest pains and was rushed to the Cooper Medical Center in Camden, New Jersey.  At the hospital it was determined that she had a heart attack.  The specific diagnosis was acute myocardial infarction.

9.      Ms. Dicks-Kee was out of work for three months or until October 18, 2004. During her absence she applied for temporary disability benefits. Notwithstanding her receipt of temporary disability coverage she was required to use her personal leave time for her absences. At the same time she did not receive any state reimbursement.

10.     On May 5, 2008 she settled her Workers Compensation claims for the heart attack she experienced in July 2004.  She attended a hearing before Workers Compensation Judge Jose LeBoy to determine whether she was eligible for Workers Compensation benefits.  At the hearing she entered into a settlement of her claims with the State of New Jersey for Workers

Compensation Benefits. In that settlement it was determined that the cause of her injury was hostile work environment harassment which produced cardiac and psychiatric residuals. Her settlement agreement established that she was 37.5 % partially disabled. She received reimbursement for partial disability, was provided with a process for determining if she was entitled to any additional compensation for continuing effects of her injury and partial permanent disability payments for three years.

11.     Based on the settlement and consistent with New Jersey regulations, Ms. Dicks-Kee determined that she was entitled to sick leave injury benefits for her use of personal leave in 2004. She believed that she was entitled to the difference between her temporary disability award and the sick leave injury benefits based on her time away from the job.

12.     Ms. Dicks-Kee filed a request for reimbursement for sick leave injury benefits with the New Jersey Civil Service Commission in 2008. The decision as to whether she could establish that her loss of time from work qualified her for sick leave injury benefits and satisfied New Jersey regulations were initially decided by her appointing authority Camden Vicinage Human Resources Director James Grazioli. In the summer of 2008 Ms. Dicks-Kee provided the necessary documentation to Vicinage Human Resources Director Grazioli. On June 2, 2009, Mr. Grazioli determined that Ms. Dicks-Kee's documentation did not satisfy the state regulatory requirements. Ms. Dicks-Kee filed an appeal of Mr. Grazioli's decision.

13.     In the summer of 2008, Ms. Dicks-Kee participated in the Title VII in the United States District Court for the District of New Jersey as a witness in support of the employment discrimination claims of Ms. Flavia Stovall, a former supervisor and co-worker against the

Camden Vicinage Trial Court Administrator Michael O'Brien and her immediate supervisor and second level supervisor Jeffrey Weisemann and Peter Cupo, respectively.

14.    On August 20, 2008 Ms. Dicks-Kee filed an affidavit on behalf of Ms. Stovall's claims against Mr. Cupo and Mr. Weisemann stating her observations and beliefs regarding whether Mr. Cupo and Mr. Weisemann discriminated against Ms. Stovall.  In October of 2008 Ms. Dicks-Kee was deposed by counsel for the State of New Jersey in the Stovall litigation. In addition, Ms. Dicks-Kee permitted Ms. Stovall to list her as a witness in the impending trial of her case.

15.    Several days after her deposition in the Stovall matter, she learned that her desk had been broken into and her books and papers were left in a disorganized and disheveled manner.  Later that day she contacted Mr. Cupo to ascertain whether he had gone into her desk. He returned her email and admitted that he had broken the lock and invaded her desk

16.    In addition from the time of her deposition, Ms. Dicks-Kee experienced Mr. Cupo and Mr. Weisemann treating her with hostility and condescension.  Mr. Cupo often entered her cubicle unannounced and began speaking to her even though she was on the telephone speaking to a vendor, client or employee.  This behavior occurred on numerous occasions.  She had many battle with the two managers regarding their inappropriate mistreatment of her in the office.

17.    On June 2, 2009 Mr. Grazioli the Vicinage Human Resources Director and a deponent in the Stovall litigation denied Ms. Dicks-Kees request for sick injury leave benefits. He based his decision to deny benefits on the ground that Ms. Dicks-Kee was unable to demonstrate that her injury was based on a workplace reason as required by regulation.  He made this decision even though Ms. Dicks-Kee provided documentation from a physician (Dr.

Nicholas L. DePace) that she received treatment during 2004 and 2005 and that her heart attack and his assertion that her heart attack was caused by a workplace reason.

18.     The final decision regarding sick leave injury benefits is made by Mr. Grazioli in conjunction with Mr. Michael O'Brien the Vicinage Trial Court Administrator and her supervisors. Each of these individuals were identified in the Stovall litigation as discriminating managers and individual defendants.

19.     The actions of TCA O'Brien and  Human Resources Director Grazioli have had a negative effect on Ms. Dicks-Kee's ability to perform her job duties. These managers have engaged in the action of belittling her, speaking down to her and castigating her job responsibilities. Both administrators have acted to undermine her job in the Vicinage or to side step her judgments or influence as EEO/AA officer in a manner that belittles and emasculates the EEO principle. No other white male or female employees in the Camden Vicinage, Division of Finance have been treated with contempt and disrespect the way Ms. Dicks-Kee has been treated.

20.     These acts of TCA O'Brien and Human Resources Director Grazioli have made it more difficult for Ms. Daniels to perform her duties. Also, these acts have diminished Ms. Daniels in the eyes of many employees in the Vicinage. The conduct described above has altered the terms and conditions of Ms. Dicks-Kee's employment.

21.     Ms. Dicks-Kee has suffered emotional pain, humiliation, stress, anxiety, lost sleep, fear and other hurtful conditions as a result of the treatment meted out by Director Cupo and Assistant Director Weisemann with the tacit approval of Mr. O'Brien. Ms. Dicks-Kee is currently in a state of depression as a result of this treatment which has caused her to lose energy and motivation to complete all her required tasks.

## COUNT I

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. SECTION 2000(e)-3(a)
### RETALIATION

22.     Plaintiff incorporates by reference paragraphs 7 through 21 as if fully set forth herein.

23.     The New Jersey Judiciary, Camden Vicinage denied Ms. Dicks-Kee the same rights and protections guaranteed by Title VII of the Civil Rights Act of 1964 to the equal benefits of all laws and proceedings for the security of persons and property, as is provided to white co-workers.  The Judiciary intentionally violated Ms. Dicks-Kee's right to be free from continuous actions designed to offend and humiliate her.

24.     The Judiciary refused to provide Ms. Dicks-Kee with benefits that she was entitled to for the reason that she participated and assisted in the employments discrimination litigation of a co-worker in the Camden Vicinage.  Also, the Judiciary management engaged in acts that were in reprisal for her participation.  The Judiciary management invaded her work space without reason or justification and disheveled her work papers, equipment and utensils. The Judiciary's managers conduct was the cause of Ms. Daniels office being filled with fear and being relegated to an unworkable work space and other acts of contempt, abuse and hostility by TCA O'Brien, etc. The actions taken by Camden Vicinage management altered the terms and conditions of Ms. Dicks-Kee's employment and caused her to lose productivity and enjoyment of her job.

25.     The abusive, demeaning and humiliating actions taken by Judiciary managers against Ms. Dicks-Kee were not taken against similarly situated white employees in the Camden Vicinage.  Ms. Daniels believes that the abusive, demeaning and humiliating actions were taken against her in reprisal for her participation in the Stovall litigation and because of her race.

-6-

26.     There is a direct nexus between the Judiciary's actions and decisions and the difficulties Ms. Dicks-Kee experienced in performing her job duties and in the loss of the enjoyment and professional satisfaction that Ms. Dicks-Kee had in her job as Financial Specialist. 27.  There is also a direct nexus between the abusive, hostile and offensive actions of the Judiciary and Plaintiffs loss of a positive, productive and gainful experience at her place of employment.

28.     As a direct and proximate result of the actions of the New Jersey Judiciary, Ms. Dicks-Kee has suffered lost benefits and other economic losses and compensation such as and will continue to suffer severe damages and injuries including but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to her professional reputation.

WHEREFORE, Plaintiff demands judgment against the New Jersey Judiciary and the following relief:

    a.  An award of equitable relief for lost benefits, economic losses, pre and post judgment interest and any other affirmative relief that may be deemed appropriate at trial; and

    b.  An award of non-pecuniary compensatory damages for the emotional injuries that may be suffered as a direct result of the Judiciary's unlawful conduct including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to her professional reputation; and

c.  An award of the disbursements, costs, expenses, expert witness fees; and

attorney's fees incurred by Plaintiff in bringing this action; and

d.  Such other relief as the court may deem proper and just.

PLAINTIFF DEMANDS A JURY

Respectfully submitted,

Clifford G. Stewart, Esquire
The Law Office of C. Gregory Stewart
535 Thirteenth Avenue
Newark, New Jersey 07103
Telephone:  (973)-474-6062

*Counsel for Plaintiff, Carolyn Dicks-Kee*

Dated: October 19, 2012

-8-

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Carolyn Dicks-Kee<br>6522 Henwood Ave.<br>Pennsauken, NJ 08109 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA  19107-3127 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2010-01943 | Legal Unit | (215) 440-2828 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit **may not be collectible.**

On behalf of the Commission

_Spencer H. Lewis, Jr., District Director_

7/24/12
(Date Mailed)

Enclosure(s)

cc:  Superior Court of New Jersey
C. Gregory Stewart, Esq. (for Charging Party)
Paula T. Dow, Attorney General (For Respondent)